**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD SINGH, | **No.** |
|                 Plaintiff, | |
| | **COMPLAINT** |
|   v. | |
| LOWE'S HOME CENTERS, LLC, and DOE CORPORATIONS 1-5, | |
|                 Defendant. | |

Plaintiff Richard Singh ("Singh" or "Plaintiff"), by his undersigned counsel, alleges the following which is based on personal knowledge and the investigation of counsel.

## NATURE OF THE ACTION

1.      Singh brings this action because Defendant Lowe's Home Centers, LLC ("Defendant" or "Lowe's"), knowingly terminated Singh the day before he was scheduled to undergo surgery to repair an injury that he suffered while on the job for Defendant, because Defendant did not want to accommodate his medical leave to undergo and recover from the surgery.

2.      This action is brought under the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA") for unlawfully (1) interfering with, restraining, or denying the exercise of, or the attempt to exercise, an FMLA right and (2) discriminating and/or retaliating against Plaintiff, in that Plaintiff was terminated mere days after requesting leave from Defendant to undergo and recover from a FMLA-covered surgical procedure.

3.      This action is also brought under the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101, *et seq.* ("ADA"), as amended by the ADA Amendments Act of 2008 (Pub. L.

No. 111-325) ("ADAA"), for denying Plaintiff's reasonable accommodation regarding a finite period of time to undergo and recover from surgery to repair a bodily injury, which had negatively impacted Plaintiff's essential life functions, including the act of lifting objects, for well over one year prior, in violation of the ADA.

4. This action is also brought under Chapter 1, Title 8, §§8-107(1)(a) and 8-107(7) of the Administrative Code of the City of New York (the "New York City Human Rights Law" or "NYCHRL") for interference with a reasonable accommodation and unlawful discrimination of Singh for his known disability and Lowe's' perception of his ability to perform the job following surgery and medical leave to recover from surgery.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §2601, *et seq.,* 42 U.S.C. §12101, *et seq.*, and 28 U.S.C. §§1331 and 1343.

6. The Court has jurisdiction over claims brought under city law pursuant to 28 U.S.C. §1367.

7. Venue is proper in this District because the Lowe's retail store where Plaintiff worked is located within the Eastern District of New York, and the events giving rise to Plaintiff's claims occurred in the Eastern District of New York, including Plaintiff's employment, request for medical leave and an accommodation in the form of medical leave and unlawful termination by Lowe's.

## PROCEDURAL PREREQUISITES

8. Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action because Plaintiff (a) timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 12, 2019; (b) received a Notice of Right

to Sue from the EEOC on September 30, 2020; (c) commenced this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC; and (d) contemporaneously with the filing of this Complaint, mailed copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York ("Corporation Counsel") pursuant to the notice requirements of § 8-502 of the New York City Administrative Code. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A; a copy of the transmittal letters to the NYCCHR and Corporation Counsel is annexed hereto as Exhibit B.

## **PARTIES**

9.      At all times relevant hereto, Plaintiff was an employee of Defendant and resided in Queens County, New York.

10.      At all times relevant hereto, Lowe's, a multinational retail hardware and home goods store, is a foreign limited liability company organized under the laws of the State of North Carolina that is authorized and does do business in the State and City of New York.

11.      The Doe Corporation Defendants are named herein as fictitious entities, as they are currently unknown (if they exist at all) and are other entities that may be liable to Plaintiff for the injuries set forth in this complaint and to which an amended complaint may be necessary.

12.      Defendant was Singh's employer within the meaning of the FMLA because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

13.      At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, because he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked

at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

14.     Defendant was also Singh's employer within the meaning of the ADA and NYCHRL.

## SUBSTANTIVE ALLEGATIONS

15.     Plaintiff worked for Defendant from in or around June 2013 until his termination on September 5, 2018.

16.     At all times relevant here, including at least from November 30, 2015 through the date of his termination, Plaintiff worked in the Millwork Department of Lowe's retail store number 2664, located in the State of New York, County of Queens, at 253-01 Rockaway Boulevard, Rosedale, New York 11422.

17.     On or about September 3, 2017, while working a shift for Lowe's in store 2664, a pallet of doors fell on to Plaintiff and caused Plaintiff to suffer a severe shoulder and knee injury.

18.     At all relevant times, Defendant was aware of Plaintiff's injury, in that Lowe's facilitated the workers' compensation medical benefits that Plaintiff received for the related medical treatment while he continued to work for Lowe's from the time of the injury onwards.

19.     The injuries to Plaintiff's shoulder and knee made painful and otherwise disrupted the major life activities of bending and lifting, which Lowe's was also aware.

20.     In or around August 14, 2018, Plaintiff's medical provider recommended that Plaintiff undergo surgery on his injured shoulder and the surgery was scheduled for August 30, 2018.

21.     Plaintiff notified Lowe's of the scheduled surgery and requested leave pursuant to his doctor's written recommendations.

22.     At the time Plaintiff requested leave, Lowe's did not offer Plaintiff any materials or information regarding FMLA leave, even though the leave was entitled to FMLA protection, but Lowe's approved Plaintiff to use vacation time to qualify for paid leave.

23.     However, between the time Plaintiff notified and received approval from Lowe's regarding the surgery and the scheduled date of the surgery, Lowe's management coerced Plaintiff multiple times to reschedule the surgery for the convenience of store operations.

24.     For example, on or about August 24, 2018, Lowe's Human Resources Administrator Jasmine Ramirez ("Ramirez") requested that Plaintiff re-schedule his surgery for the following week so that he would be available to work on Labor Day, September 3, 2018 as it would be "very busy."

25.     Additionally, managers Ashley Merritt ("Merritt"), Nigel Alexander ("Alexander") and Safraz Denhart ("Denhart") at different times leading up to Labor Day told Plaintiff that he "must work" on that date, despite each of the managers knowing about Plaintiff's scheduled leave.

26.     After these conversations, Plaintiff acquiesced and the surgery was rescheduled for the following week, September 6, 2018.

27.     Plaintiff submitted this new information to Lowe's and the new leave was approved in the same manner as the first request for leave.

28.     On September 5, 2018, as Plaintiff was arriving to work in the Millwork Department, Ramirez approached and stopped Plaintiff in the area known as the center aisle of the store to have a conversation about his leave.

29.     During this conversation Ramirez again pressured Plaintiff to modify or abandon his scheduled leave, asking Plaintiff whether he would be able to cover a shift immediately after his surgery concluded the following day, September 6, 2018.

30.     Plaintiff indicated that he would not be able to cover a shift at work immediately following his surgery and he would require time away from work to recover, as per his medical provider's written notice that he had already submitted to Lowe's.

31.     After the conversation with Ramirez, Plaintiff began to work his shift.

32.     Later that same day, Ramirez asked Plaintiff to again meet with her, this time in her office.

33.     In this second meeting, Ramirez first advised Plaintiff that Lowe's had received a complaint about him from a customer on September 3, 2018, regarding an issue that purportedly had happened earlier that day.

34.     During this second meeting Ramirez told Plaintiff that the customer complained that Plaintiff had "disregarded and brushed [the customer] off" and asked Plaintiff to recount his version of the events that transpired with the customer.

35.     Plaintiff recounted his recollection of the interaction with the customer in question, disputed any contradictory allegations contained in the customer's complaint, and indicated that he had followed Lowe's policy and procedures regarding interactions with customers, and verbally requested that Ramirez review the relevant camera footage that would support his version of the interaction with the customer.

36.     During the meeting in which Plaintiff gave Ramirez his version of the events alleged in the purported customer complaint, Plaintiff made clear to Ramirez that he had informed Managers Denhart, Merritt and Humbert Dubuche ("Dubuche") immediately after and/or within the hour after customer in question left that the customer had indicated that he would be making a complaint towards a Flooring Associate named Patrick McGraw, after that Customer complained to Plaintiff that he waited one and one-half hours before being helped.

37. Plaintiff then returned to the Millwork Department and continued working his shift.

38. Later in the same shift, but before Plaintiff left for the day, Denhart, the Assistant Store Manager, called the Millwork Department and asked Plaintiff to meet with him in the Store Manager's upstairs office, where Denhart terminated Plaintiff's employment.

39. Lowe's indicated that Plaintiff was terminated for poor performance, leading up to and including the customer complaint that Plaintiff had "disregarded and brushed off" a customer, which Lowe's received on September 3, 2020.

40. Plaintiff strenuously objected to Lowe's explanation for his termination.

41. Lowe's' explanation for Plaintiff's sudden termination for "disregard[ing] and brush[ing] off" a customer, without even a day's investigation into Plaintiff's version of events, is a mere pretext to cover up the real reason Plaintiff was terminated.

42. Lowe's terminated Plaintiff because he requested time and opportunity to undergo and recover from a surgical procedure, of which Lowe's was notified and is afforded to him under the FMLA.

43. At the time of Plaintiff's termination Lowe's knew Plaintiff requested time and opportunity to undergo and recover from a surgical procedure, which was to commence the following day.

44. As a result of the foregoing, Defendant interfered with Plaintiff's exercise of rights under the FMLA, including his right to medical leave, and retaliated against Plaintiff for attempting to utilize FMLA, ADA, ADAA and NYCHRL protected reasonable accommodation and medical leave.

45.     At the time of Plaintiff's termination, Lowe's knew that Plaintiff was temporarily disabled within the meaning of the ADA, the ADAA and the NYCHRL, including his right to a reasonable accommodation in the form of medical leave while he was temporarily disabled.

46.     Upon information and belief, Lowe's never informed Plaintiff of his rights under the FMLA, ADA, ADAA and NYCHRL, including his right to a reasonable accommodation for medical leave.

47.     Defendant would not have terminated Plaintiff for the purported pretextual reason of a customer complaint had Plaintiff assured Ramirez, in their first meeting on September 5, 2018, that he would have been able to immediately return to work following his surgery.

48.     The timing of Plaintiff's termination alone demonstrates an unlawful causal connection between his termination and request for time and opportunity to undergo and recover from a surgical procedure.

49.     As a result of Defendant's acts and conduct complained of herein, Singh has been harmed, including but not limited to a loss of income, wages, benefits and other compensation which such employment entails, as well as future pecuniary loss, and emotional distress, inconvenience, loss of enjoyment of life, humiliation and other non-pecuniary loss, all because of Defendant's actions.

50.     Defendant's actions were willful, malicious, outrageous and conducted with full knowledge of the law, permitting Plaintiff to seek liquidated and punitive damages and look back to the fullest extent permitted by law to seek recourse for Defendant's unlawful actions.

## AS AND FOR A FIRST CAUSE OF ACTION
### FMLA: Interference

51.     Plaintiff reincorporates and readopts all allegations contained within this Complaint, as if fully set forth here.

52.     At all times relevant hereto, Plaintiff was protected by the FMLA.

53.     Section 2612(D) of the Family Medical Leave Act states in pertinent part: "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period … Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

54.     Section 105 of the FMLA and Section 825.220 of the FMLA regulations prohibit, among other things, "interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right."

55.     At all times relevant hereto, Defendant interfered with Plaintiff based upon Plaintiff's exercise of his FMLA rights and firing him for requesting FMLA protected leave.

56.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

57.     At all times relevant hereto, and for purposes of the FMLA interference claim, Defendant intended to interfere with Plaintiff because Defendant terminated Plaintiff mere days after notifying Defendant that he would be exercising his right to request and take approved leave pursuant to the FMLA, and mere hours after notifying Defendant that he would be unable to modify or abandon his protected leave.

58.     As a result of Defendant's intentional, willful, and unlawful interference with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

59.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages and the maximum compensation permissible under the FMLA.

## AS AND FOR A SECOND CAUSE OF ACTION
### FMLA: Discrimination/Retaliation

60.     Plaintiff reincorporates and readopts all allegations contained within this Complaint, as if fully set forth here.

61.     At all times relevant hereto, Plaintiff was protected by the FMLA.

62.     Section 2612(D) of the Family Medical Leave Act states in pertinent part: "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period … Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

63.     Section 105 of the FMLA and Section 825.220 of the FMLA regulations further prohibit, among other things, "discriminating or retaliating against an employee for having exercised or attempted to exercise any FMLA right."

64.     At all times relevant hereto, Defendant discriminated and/or retaliated against Plaintiff for the exercise of his FMLA rights, by firing Plaintiff mere days after requesting leave that is protected by the FMLA, and hours after he reiterated to Lowe's that he would not be able to modify or abandon his protected leave.

65.     At all times relevant hereto, Plaintiff was protected from discrimination and retaliation under the FMLA.

66.     At all times relevant hereto, and for purposes of the FMLA discrimination and retaliation claim, Defendant acted with the intent to discriminate and retaliate against Plaintiff because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

67.     As a result of Defendant's intentional, willful, and unlawful acts by discriminating and retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

68.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages and maximum compensation permissible under the FMLA.

**AS AND FOR A THIRD CAUSE OF ACTION**
**ADA: Interference**

69.     Plaintiff reincorporates and readopts all allegations contained within this Complaint, as if fully set forth here.

70.     At all times relevant hereto, Plaintiff was protected by the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101 *et seq.*, because of his disability.

71.     The ADA prohibits interference, coercion and intimidation, in that 42 U.S.C. §12203(b) provides:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

72.     Lowe's unlawfully interfered with Singh's request for an accommodation by terminating his employment days after Singh made his request for an accommodation protected by the ADA, and hours after indicating that he would be unable to withdraw his request and return to work the same day as his surgical procedure, which was adverse employment action that was permitted and condoned by Lowe's.

73.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged as set forth herein.

74.     As a result of Lowe's' violations of 42 U.S.C. §12203, Lowe's is liable to Singh pursuant to §§12203, 12117, 12133 and 12188 of the statute for the maximum compensation permissible under the ADA, including but not limited to damages, and reasonable attorney's fees and costs.

## AS AND FOR A FOURTH CAUSE OF ACTION
### ADA: Disability Discrimination

75.     Plaintiff reincorporates and readopts all allegations contained within this Complaint, as if fully set forth here.

76.     At all times relevant hereto, Plaintiff was protected by the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101 *et seq.*, because of his disability.

77.     Lowe's discriminated against Singh because of his disability, which included failing to accommodate or engage in a meaningful interactive process regarding a reasonable accommodation and that culminated in his termination, all of which was adverse employment action that was permitted and condoned by Lowe's.

78.     The acts of Lowe's constitute unlawful discrimination against Singh in violation of 42 U.S.C. §12112(a), which provides, *inter alia* that:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training and other terms conditions and privileges of employment.

79.     42 U.S.C. §12112(b) provides: "As used in subsection (a) of this section, the term "discriminate against a qualified individual on the basis of disability" includes –

> (5)(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or (B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant.

80.     As set forth above, Lowe's engaged in an unlawful discrimination under the ADA by failing to grant Plaintiff's request for an accommodation or engage in any form of an interactive process to address his accommodation request, and instead unlawfully terminating Plaintiff within days of his request, all in violation of the ADA.

81.     As a result of Lowe's' violations of 42 U.S.C. §12112, Lowe's is liable to Singh pursuant to at least §§12112, 12117, 12133 and 12188 of the statute for the maximum compensation permissible under this law, including but not limited to damages, costs and reasonable attorney's fees.

<u>**AS AND FOR A FIFTH CAUSE OF ACTION**</u>
**NYCHRL: Disability Discrimination**

82.     Plaintiff reincorporates and readopts all allegations contained within this Complaint, as if fully set forth here.

83.     At all times relevant hereto, Plaintiff was protected by Chapter 1, Title 8, §§8-107(1)(a) of the Administrative Code of the City of New York (the "New York City Human Rights Law" or "NYCHRL") because of his disability.

84.     Lowe's treated Singh less well because of his disability, which culminated in his termination, all of which was adverse employment action that was permitted and condoned by Lowe's.

85.     The acts of Lowe's constitute unlawful discrimination against Singh in violation of §8-107(1)(a) of the New York City Human Rights Law, which provides, *inter alia* that:

> It shall be unlawful discriminatory practice… [f]or an employer or an employee or agent thereof, because of a perceived disability…of any person, to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions, or privileges of employment.

86.     As a result of Lowe's' violations of the New York City Human Rights Law §8-107(1)(a), Lowe's is liable to Singh pursuant to §8-502(a) of said statute for "damages, including punitive damages" and pursuant to §8-502(f) of the statute for "costs and reasonable attorney's fees," as provided for under the law.

87.     Singh has been caused to suffer injuries resulting in emotional suffering and has been humiliated, demeaned, and otherwise degraded because of Lowe's' conduct in violation of his human rights, all of which impacted his well-being and the quality of his life.

88.     As a direct and proximate result of Lowe's' discriminatory conduct complained of herein, Singh has suffered damages, injuries, and losses, both actual and perspective, which includes damage to his career and emotional pain and suffering he has been caused to suffer and continues to suffer.

89.     Here, Defendant's conduct towards Singh shows that it acted with willful and wanton negligence, or recklessness, or a conscious disregard of Singh's rights under the New York City Human Rights Law, or that its actions against Singh were so reckless as to amount to a disregard of Singh's rights, so that in addition to all the damages inflicted upon Singh and in addition to all measure of relief to which Singh may be properly entitled to herein, Lowe's should be responsible to pay punitive damages as punishment for its discriminatory conduct in order to deter Lowe's and others similarly situated from engaging in such conduct in the future.

90.     Singh, therefore, seeks judgment against Lowe's on this cause of action, including, among other things, for compensatory damages, punitive damages, together with costs, pre-judgment interest and reasonable attorney's fees.

## AS AND FOR A SIXTH CAUSE OF ACTION
### NYCHRL: Reasonable Accommodation Retaliation

91.     Plaintiff reincorporates and readopts all allegations contained within this Complaint, as if fully set forth here.

92.     At all times relevant hereto, Plaintiff was protected by Chapter 1, Title 8, §§8-107(7) of the Administrative Code of the City of New York (the "New York City Human Rights Law" or "NYCHRL") because of his disability.

93.     Lowe's retaliated against Singh by terminating him mere days after requesting an accommodation, and on the same day in which he indicated that he would be unable to modify or abandon his request for an accommodation, all of which was adverse employment action that was permitted and condoned by Lowe's.

94.     The acts of Lowe's constitute unlawful retaliation against Singh in violation of §8-107(7) of the New York City Human Rights Law, which provides, *inter alia* that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has … (v) requested a reasonable accommodation under this chapter.

95.     As a result of Lowe's' violations of the New York City Human Rights Law §8-107(7), Lowe's is liable to Singh pursuant to §8-502(a) of said statute for "damages, including punitive damages" and pursuant to §8-502(f) of the statute for "costs and reasonable attorney's fees," as provided for under the law.

96.     Singh has been caused to suffer injuries resulting in emotional suffering and has been humiliated, demeaned, and otherwise degraded because of Lowe's' conduct in violation of his human rights, all of which impacted his well-being and the quality of his life.

97. As a direct and proximate result of Lowe's' discriminatory conduct complained of herein, Singh has suffered damages, injuries, and losses, both actual and perspective, which includes damage to his career and emotional pain and suffering he has been caused to suffer and continues to suffer.

98. Here, Defendant's conduct towards Singh shows that it acted with willful and wanton negligence, or recklessness, or a conscious disregard of Singh's rights under the New York City Human Rights Law, or that its actions against Singh were so reckless as to amount to a disregard of Singh's rights, so that in addition to all the damages inflicted upon Singh and in addition to all measure of relief to which Singh may be properly entitled to herein, Lowe's should be responsible to pay punitive damages as punishment for its discriminatory conduct in order to deter Lowe's and others similarly situated from engaging in such conduct in the future.

99. Singh, therefore, seeks judgment against Lowe's on this cause of action, including, among other things, for compensatory damages, punitive damages, together with costs, pre-judgment interest and reasonable attorney's fees on this cause of action.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue an Order:

A. Assuming jurisdiction over this action;

B. Declaring that Defendant violated the FMLA, ADA, ADAA and NYCHRL;

C. Granting judgment to Plaintiff on his FMLA, ADA and NYCHRL interference, discrimination and retaliation claims and awarding compensatory damages equal to all lost wages,

benefits and other monetary damages resulting from Defendant's unlawful interference, discrimination and retaliation of Plaintiff and to otherwise make Plaintiff whole for any losses suffered as a result of these unlawful employment practices;

D. Granting judgment to Plaintiff and awarding him compensatory damages for emotional and mental distress, pain and suffering and injury to his reputation in an amount to be demonstrated at trial;

E. Awarding liquidated damages equal to any applicable compensatory awards herein;

F. Awarding punitive damages as allowed by law;

G. Granting pre- and post-judgment interest as allowed by law;

H. Granting Plaintiff his reasonable attorney's fees and costs as allowed by law; and

I. Any and all further relief that this Court determines to be just and appropriate.

DATED: December 21, 2020.

**KOVEL LAW PLLC**

By**:** *s/ Daniel H. Kovel*
Daniel H. Kovel, Esq. (DK6676)
301 East 79th Street, #18A
New York, New York 10075
Telephone: (646) 397-1729
dkovel@kovel-law.com

*Attorneys for Plaintiff*

EXHIBIT A

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 510-2019-04541 |

### New York State Division Of Human Rights
and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Mr. Richard M Singh | (407) 373-3869 | 1960 |

| Street Address | City, State and ZIP Code |
|---|---|
| 103-16 112th St, SOUTH RICHMOND HILL, NY 11419 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| LOWES HOME IMPROVEMENT | | (516) 837-4057 |

| Street Address | City, State and ZIP Code |
|---|---|
| 253-01 Rockaway Blvd., ROSEDALE, NY 11422 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 09-11-2017 | 09-05-2018 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I, Richard Singh, have a medical condition/disability. I was employed by Lowes Home improvement (Respondent) from about April 2013 until my wrongful termination on September 5, 2018. I started as an Associate at Respondents Lake County, Florida location and transferred to the Rosedale, NY location as a Sales Specialist in the Windows and Doors Dept. in November 2015 where I remained until my termination.

I suffered an on-the-job injury on September 3, 2017 that resulted in my current medical condition. My doctor requested I be allowed to work with restrictions on lifting, pulling and pushing. While Respondent and my supervisors approved the accommodation/restrictions, my supervisor continued to have me perform tasks that ignored the restrictions recommended by my doctor. I was often left to work without assistance from associates and managers that led to unfair customer complaints against me.

I was scheduled to undergo surgery on September 6, 2018 and had informed Respondent and managers I would be on medical leave for 3  5 weeks. I was approved to be off on September 3, 2018, but was still placed on the work schedule and went to work that day. On September 5, 2018 I went to work and was asked to speak with HR, Jasmine Ramirez, about a customer complaint

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Digitally signed by Richard Singh on 06-12-2019 11:44 AM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | **510-2019-04541** |

| New York State Division Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

from September 3, 2018 and was later told I was terminated. I was shocked because I had taken good care of that customer and it could be corroborated by video footage and the previous customer who was very pleased with the service I provided.

Based on the above, I believe I was discriminated against due to my disability and need for surgery when I was terminated, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Richard Singh on 06-12-2019 11:44 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.     FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (11/09).

2.     AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.     PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.     ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.     WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Richard M. Singh**
**103-16 112th St**
**South Richmond Hill, NY 11419**

From:  **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2019-04541** | **Perry Canales,** **Supervisory Investigator** | **(929) 506-5318** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <ins>WITHIN 90 DAYS</ins> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <ins>more than 2 years (3 years)</ins> before you file suit may not be collectible.**

Cn behalf of the Commission

*Perry A, Canales*
Digitally signed by Perry A, Canales
DN: cn=Perry A, Canales, o=Equal Employment
Opportunity Commission, ou=New York District
Office, email=perry.canales@eeoc.gov, c=US
Date: 2020.09.30 12:24:00 -04'00'

For

**Judy A. Keenan,**
**District Director**

9/30/2020
*(Date Mailed)*

Enclosures(s)

cc:

**LOWES HOME IMPROVEMENT**
**253-01 Rockaway Blvd.**
**Rosedale, NY 11422**

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc:

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

➤ **Only one** major life activity need be substantially limited.

➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EXHIBIT B



Kovel Law PLLC
301 East 79th Street #18A
New York, New York 10075
phone: 646.397.1729
e-mail: dkovel@kovel-law.com

December 21, 2020

**Via USPS Certified Mail, Return Receipt Requested**

Hon. Carmelyn P. Malalis, Chair
New York City Commission on Human Rights
22 Reade Street
New York, NY 10007

Hon. James E. Johnson
Corporation Counsel of the City of New York
New York City Law Department
100 Church Street
New York, NY 10007

**RE:** **RICHARD SINGH v. LOWE'S HOME CENTERS, LLC and DOE CORPORATIONS Nos. 1 to 5**

Your Honors:

Pursuant to the notice requirements of Section 8-502 of the New York City Administrative Code, please find enclosed copies of the Complaint in the above-referenced action, which today is being filed in the United States District Court for the Eastern District of New York.

Respectfully submitted,

Daniel H. Kovel

Enc.